■ J. REID BINGHAM, Respondent, v MARVIN ZOLT et al., Defendants. JOAN ZOLT et al., Intervenors-Appellants. [647 NYS2d 220] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered June 20, 1996, which vacated certain restraining notices served on Dreyfus Corp., granted plaintiff leave to serve a new restraining notice upon Dreyfus Corp., and otherwise denied intervenors' motions to vacate restraining notices, unanimously affirmed, with costs.

The relevant restraining notices were properly issued since the evidence offered by plaintiff established that the judgment debtors "ha[ve] an interest" in the specified bank accounts (CPLR 5222 [b]). Where, as here, the evidence demonstrates that a judgment debtor regularly has used another's bank account as a "recipient" of the debtor's personal assets or as a source for payment of the debtor's expenses, the account may be restrained under the statute (*see, ERA Mgt. v Morrison Cohen Singer & Weinstein*, 199 AD2d 179). Deposition testimony and documentation indicated that defendant Zolt's personal funds were deposited in his wife's account; that Zolt had used funds from the accounts of the corporate intervenors to pay his legal expenses; and that, at the time when post-judgment motions were pending in the underlying fraud action, several multi-thousand dollar checks were drawn by Zolt on the corporate judgment debtor's account and made payable to one of the corporate intervenors.

We have considered the intervenors' procedural objection to the issuance of the restraining notices and find it to be unpersuasive. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.